IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Case No. _____

PAUL WILSON STREATER

    Plaintiff

  v.

U.S. DEPARTMENT OF TRANSPORTATION
400 Seventh Street, S. W.
Washington, DC 20590

    Defendant
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

### Jurisdiction and Venue

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. 552, for injunctive and other appropriate relief and seeing the disclosure and release of agency records improperly withheld from plaintiff by defendant U.S. Department of Transportation and its component, the National Highway Traffic Safety Administration ("NHTSA").

2. Plaintiff is a resident and a citizen of this district.

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. 552(a)(4)(B); 28 U.S.C. 1331. Venue also lies in this district under 5 U.S.C. 552(a)(4)(B).

### Background Information

4. Upon information and belief, on May 1, 2018, NHTSA became aware of the motor vehicle crash which occurred on April 28, 2018.

5. On June 19, 2018, Kimo Brandon of Crash Research Analysis, a contractor of NHTSA, conducted a Special Crash Investigation of the subject Silverado in Palm Beach County, Florida.

6. Upon information and belief, a representative of NHTSA, was in contact with representatives from General Motors in relation to this crash.

7. Upon information and belief, on August 15, 2018, the NHTSA representative agreed with General Motors to close the investigation into this crash.

8. March of 2022, NHTSA published Kimo Brandon's Special Crash Investigation report, which is available to the public.

### COUNT 1 - Plaintiff's FOIA Request and NHTSA's Failure to Timely Respond

9. Plaintiff incorporates paragraphs 1 and 8.

10. This is a cause of action for Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records.

11. Plaintiff and/or Plaintiff's attorney submitted the first Freedom of Information Act ("FOIA") request on November 18, 2020, initially assigned Request ID 173301, which later was assigned FOIA Request #ES20-001803. Monica Goodman, a Senior FOIA Specialist, was the NHTSA point of contact related to this request. See **Exhibit 1**.

12. January 6, 2022, Plaintiff's attorney sent a follow-up letter to Ms. Goodman regarding the FOIA Request and referencing the request with a new ID of #ES20-001803. See **Exhibit 2**.

13. June 27, 2022, Ms. Goodman responded, "This was a voluminous and complex request that required tedious review and FOIA redactions, which has been completed." See **Exhibit 3**.

14. On October 17, 2022, Plaintiff sent an email to Ms. Goodman stating that the only document produced by NHTSA was the publicly available March 2022 NHTSA/Crash Research Analysis Report. Plaintiff also inquired about the requested correspondence between Kimo Brandon and/or his company, Crash Research Analysis, and General Motors, and Delray Beach Police related to the crash. **See Composite Exhibit 4, page 7.**

15. On October 24, 2022, NHTSA responded :

      a. "To be clear, NHTSA has not provided a final response to your FOIA request."

2

    b. "Your request is complex, as are the complex requests received before yours. They are complex because they require searching numerous Program Offices, which usually requires follow-up, the records received from the program offices responsive to a request are voluminous, sometimes in the thousands or tens of thousands of pages."

    c. "I will provide more information regarding Bosch data in our final response letter, but he clearly has requester data Kimo Brandon downloaded."

  NHTSA went on to explain that the email of October 17, 2022, was the first time it learned that communication was requested, and that additional to the NHTSA/Crash Research Analysis Report, other publicly available documents were previously produced Ms. Goodman provided links to these publicly available documents in its email of October 24, 2022. Also see **Composite Exhibit 4, pages 1-2.**

16. On March 7, 2023, Ms. Goodman stated that "I just wanted to let you know I have finished processing your records. The request will move through our review process and then be finalized. I will send it out as soon as I am able to." See **Exhibit 5.**

17. No documents were ever produced to Plaintiff.

18. Plaintiff has received no records outside of publicly available information pursuant to this FOIA request.

19. Plaintiff exhausted the applicable and available administrative remedies with respect to defendant's processing of Plaintiff's FOIA request.

20. Plaintiff has complied with all conditions precedent.

21. Defendant has wrongfully withheld the requested records from Plaintiff by failing to comply with the statutory time limit for rendering a determination or response to Plaintiff's FOIA request.

22. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

WHEREFORE, plaintiff prays that this Court:

A. Order Defendant DOT and its component, NHTSA, to disclose the requested records in their entirety and make copies available to Plaintiff;

B. Provide for expeditious proceeding in this action;

C. Award Plaintiff his costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other relief as the Court may deem just and proper.

**COUNT 2 - Plaintiff's Subpoena to Crash Research & Analysis and NHTSA's Failure to Respond**

23. Plaintiff incorporates paragraphs 1-8.

24. This is a cause of action for Violation of the Freedom of Information Act for Wrongful Withholding of Agency Records.

25. On January 27, 2023, after receiving no further documentation from NHTSA pursuant to his FOIA Request, originally opened on November 18, 2020, Plaintiff served a Subpoena to Produce Documents on NHTSA contractor, Crash Research & Analysis ("CRA"), for records related to Special Crash Investigation Report No. DOT HS 813 273, dated March 2022. See **Exhibit 6.**

26. Crash Research & Analysis is a contractor for NHTSA that conducts Special Crash Investigations. Kimo Brandon works for Crash Research & Analysis and is the person who investigated, researched and authored the NHTSA Special Crash Investigation Report No. DOT HS 813 273, dated March 2022.

27. On February 15, 2023, Plaintiff received an email from Cynthis Davia, NHTSA Executive Correspondence Team, acknowledging receipt of our FOIA request, NHTSA-230215-003, "This acknowledges receipt of your December 30, 2022, Freedom of Information Act (FOIA) request to the National Highway Traffic Safety Administration (NHTSA). Your request was received by email on February 14, 2023."

28. On February 17, 2023, Plaintiff's counsel responded and attached the Subpoena served on Crash Research Analysis, and stated, "Please provide the authority that allows CRA to ignore subpoenas." **See Exhibit 7.**

29. On February 21, 2023, Ms. Davis instructed Plaintiff to contact NHTSA Attorney Advisors in NHTSA's Office of Chief Counsel. See **Exhibit 8.**

30. On February 21, 2023, Plaintiff received an email from Mr. Thomas Healy, Senior Trial Attorney, Office of the Chief Counsel, Department of Transportation, National Highway Traffic Safety Administration, regarding the subpoena served on CRA. See **Exhibit 9.** Mr. Healy stated:

> "I am reaching out in response to your email to Cynthia Davis regarding your subpoena to CRA. Because we are a federal agency, the National Highway Traffic Safety Administration is not subject to subpoenas issued by state courts. This principle extends to our contractors as well. Our regulations state the proper means for obtaining records in litigation between private litigants is to file a FOIA request. *See* 49 C.F.R. § 9.13. As a courtesy, I provided the subpoena to our FOIA team to begin processing. I am happy to answer questions that you might have."

31. On April 14, 2023, Plaintiff sent a letter to Thomas Healy stating that responsive documents were well overdue. See **Exhibit 10,** letter without enclosures.

32. On May 25, 2023, Sarah Kohlhofer, Esq., Office of the Chief Counsel DOT, NHTSA, sent a letter to Plaintiff stating, "Your letter additionally (and properly) references 49 C.F.R. § 9.15 (the regulation that governs the procedures to request NHTSA testimony in legal proceedings between private litigants), but it is not compliant with and related regulation(s). Specifically, the letter (and materials attached thereto), do not contain all of the necessary statements, certifications, and summaries required by §§ 9.15(a)(1)-(7) and 9.15(b). Nor does your letter address (or comply with) § 9.13, which states that requests for records should be resolved before any request for testimony under § 9.15 is submitted." See **Exhibit 11.**

33. On January 12, 2024, Plaintiff sent a letter to Ms. Kohlhofer complying with the requested information related to Statutes 9.15(a)(1), 9.15(a)(2), 9.15(a)(3), 9.15(a)(5), 9.15(a)(6), 9.15(a)(7), 9.15(b), and 9.13, in support of Plaintiff's request for the deposition of Kimo Brandon due

NHTSA's lack of document production as they relate to its inaccurate, faulty report published by NHTSA in March of 2022. To date, this inaccurate, faulty report remains available to the public. See **Exhibit 12.**

34. On February 26, 2024, Ms. Kohlhofer responded to a follow up request and stated, "We're in the process of finalizing our response." (See **Composite Exhibit 13.**)

35. Plaintiff sent monthly requests to Ms. Kohlhofer for the status of the finalized response from the NHTSA Chief Counsel's Office. However, on April 24, 2024, Plaintiff received notification that Kimo Brandon was no longer working for Crash Research Analysis (see **Composite Exhibit 13**), so that our government was able to successfully drag its heels until conditions changed to effectively thwart taking its NHTSA inspector's deposition until its contractor's employee was no longer employed.

36. Plaintiff's subpoena to CRA, which NHTSA converted into a FOIA request, and no inaccuracies have been corrected in the faulty Special Crash Investigation Report.

37. Plaintiff has exhausted the applicable and available administrative remedies with respect to Defendant's processing of Plaintiff's Subpoena to Crash Research Analysis subsequently converted into a FOIA request.

38. Plaintiff has complied with all conditions precedent.

39. Defendant has wrongfully withheld the requested records from Plaintiff by failing to comply with the statutory time limit for rendering a determination or response to plaintiff's FOIA request.

40. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

WHEREFORE, plaintiff prays that this Court:

    A. Order Defendant DOT and its component, NHTSA, to disclose the requested records in their entirety and make copies available to Plaintiff;

    B. Provide for expeditious proceeding in this action;

    C. Award Plaintiff his costs and reasonable attorneys' fees incurred in this action; and

    D. Grant such other relief as the Court may deem just and proper.

Dated this 31st day of May, 2024.

                          Respectfully submitted,

                          PETER M. COMMETTE, P.A.
                          Attorney for Plaintiff
                          Paul Streater
                          1819 SE 17th Street, Unit 607
                          Fort Lauderdale, FL 33316
                          Phone: 954-610-9346
                          Fax: 954-329-3881
                          Email: PMC@commettelaw.com
                          Secondary Email: Assistant@commettelaw.com
                          Secondary Email: commettelaw@gmail.com

                    By: *s/ Peter M. Commette*
                          PETER M. COMMETTE, ESQ.
                          Florida Bar No. 350133